HAACK *v.* BURMEISTER.

1. WILLS—ORAL CONVERSATIONS.

Oral conversations between deceased and her daughter relative to disposition of former's property whereby she stated she was dissatisfied with will she had made, that it should be destroyed and property divided equally between daughter, grandson, and granddaughter *held,* wholly inadequate to constitute a valid testamentary disposition of the property of the deceased.

2. TRUSTS—EXECUTORS—CONSTRUCTIVE TRUST—PAROL AGREEMENT RELATIVE TO REALTY—MISTAKE OF FACT.

Parol arrangement between daughter, granddaughter, and grandson of deceased relative to disposition of estate which consisted largely of realty and which they then mistakenly thought to be intestate property *held,* not to constitute a binding agreement affecting title to the property so as to constitute daughter, now executrix of will discovered and probated later, a constructive trustee.

3. DESCENT AND DISTRIBUTION—EQUITABLE ESTOPPEL—FRAUD—EVIDENCE—MISTAKE.

Daughter of deceased *held,* not equitably estopped from claiming property under duly probated will because of alleged fraudulent or wrongful suppression thereof after she, plaintiff who was deceased's grandson, and a granddaughter of deceased had entered into a parol agreement to divide property equally at a time when all mistakenly believed deceased left no will, where fraud is not shown and plaintiff sustained no material injury.

4. TRUSTS—CONSTRUCTIVE TRUSTS—PURPOSE.

Constructive trusts arise through the application of the doctrine of equitable estoppel or under the broad doctrine that equity regards and treats as done what in good conscience ought to be done and are raised by law for the purpose of carrying out the presumed intention of the parties, or, without regard to such intention, for the purpose of asserting equitable rights of parties or frustrating fraud.

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted April 7, 1939. (Docket No. 46, Calendar No. 40,459.) Decided June 22, 1939.

Bill by Walter Haack against Ella Burmeister, executrix of the estate of Minnie J. Burmeister, deceased, and others for specific performance of an agreement, to have defendant declared a trustee, for an accounting, damages, partition, and other relief. Decree for plaintiff. Defendant Ella Burmeister, individually and as administratrix of estate of Minnie J. Burmeister, appeals. Reversed and bill dismissed.

*Roy H. Hagerman,* for plaintiff.

*J. Paul Wait,* for defendants.

NORTH, J. Plaintiff's bill of complaint is for specific performance, accounting, injunction and other equitable relief. The only tenable theory upon which relief was sought is that the defendant, Ella Burmeister, held certain real and personal property in trust for plaintiff and one Eula Burmeister, incident to which plaintiff asserts his right to specific performance, accounting, et cetera. Plaintiff was decreed relief of the character sought. In effect the decree so entered nullified the provisions of the will of Minnie J. Burmeister, deceased. Ella Burmeister both in her own right and as executrix of the estate of Minnie J. Burmeister has appealed.

Mrs. Minnie J. Burmeister died July 8, 1935. She was survived by her daughter, Ella Burmeister; Walter Haack, who was the son of a deceased daughter of Mrs. Burmeister; and also by Eula Burmeister, who was a daughter of a deceased son of Mrs. Burmeister. All of these survivors were of

full age. The deceased left as her estate her homestead in Sturgis with the fixtures and furniture therein, two small summer cottages constructed on leased land near Sturgis, a lot of small value in Elkhart, Indiana, and a small amount of money. Mrs. Burmeister and her daughter, Ella, had occupied the lower story of the homestead property, but the upper portion was divided into two apartments which had been rented. On the 27th day of January, 1933, Mrs. Burmeister executed a will by which she bequeathed to the granddaughter, Eula, $25; to her grandson, Walter Haack, she gave one of the two summer cottages designated as "Hillcrest Cottage," and also an undivided one-sixth interest in the homestead property in Sturgis. The residue of the estate was devised and bequeathed to the daughter, Ella Burmeister. It is admitted by Ella that sometime later, about Easter time of 1935, her mother told her that she, the mother, was dissatisfied with the will on account of the way she had treated the granddaughter, Eula. And at this time the mother said to Ella, "We must destroy the will." Thereafter Ella assumed that her mother had destroyed the will. The mother's death occurred on July 8th, following this conversation. It is alleged by plaintiff that "a considerable time before her decease," Mrs. Burmeister had a talk with him and her daughter Ella, the substance of which was that Mrs. Burmeister wished the daughter to continue in possession of her property and receive the income therefrom for such a length of time as was necessary to satisfy Mrs. Burmeister's debts; and that thereafter, as soon as a favorable market condition existed for the sale of the property, it should be sold and the proceeds of her estate divided equally between the daughter, the grandson, and the grand-

daughter. In this connection plaintiff alleges that Mrs. Burmeister "advised" him and the daughter Ella that, "in the event plaintiff and defendant Ella would be satisfied with an equal division thereof, that she would not make another will." Plaintiff herein claims both he and Ella stated they would be satisfied with such a disposition of the estate. In her answer and testimony, Ella has denied that anything was said to her by her mother in the presence of plaintiff or that there was any understanding between the three that there should be an equal division of the estate as plaintiff has alleged or that Ella would be satisfied with such a disposition of the estate; but in her answer she does state:

"Further answering, these defendants say that said testatrix did say to her said daughter that she wanted her estate shared in equal thirds by said plaintiff and the defendants, Ella and Eula Burmeister, and advised that the place be held until it could be sold to advantage, and that said Ella should continue to conduct the dwelling as and for a rooming house as it had been conducted by testatrix, paying off her indebtedness from the income therefrom, and that after the funeral of testatrix this matter was so discussed by said plaintiff and the said defendants, Ella and Eula, but that it was not then known to said three that there was a will in existence."

There is no dispute that immediately following the death of Mrs. Burmeister the daughter Ella and the grandson and the granddaughter had a conversation as to the desire of Mrs. Burmeister, being substantially as above outlined, and all three parties consented that such a plan should be carried out. But it must be borne in mind that, at the time of the conversation between these three parties, each of

them, as it is fairly to be inferred from this record, believed that Mrs. Burmeister had died intestate. In accordance with the plan contemplated, the daughter continued after Mrs. Burmeister's death to occupy the homestead property for a period of approximately 10 months and to manage the estate property. During at least a portion of this time plaintiff herein also occupied the homestead premises with Ella. Some differences arose between these two and on the 1st day of May, 1936, Walter Haack filed a petition in the probate court of St. Joseph county for the administration of his grandmother's estate. In this petition he stated on information and belief that the grandmother had died intestate, and he petitioned that one Elias Portman be appointed administrator of the estate.

About two months after her mother's death, Ella discovered the will which her mother had previously executed. It was in a sealed envelope placed in the mother's German Bible. While Ella was somewhat concerned about this discovery, she did nothing about it until unpleasantness developed between her and her nephew who was living in the homestead. At this time Ella took the sealed envelope containing the will to an attorney, who advised her to take it at once to the probate judge. This was done and thereupon Ella filed a petition for the probate of this will on the 4th day of May, 1936. The will was admitted to probate over the objections of plaintiff herein. His objections were:

1. That the will had been revoked, and,
2. That Ella Burmeister was estopped from claiming any right, title or interest in the estate of Minnie Burmeister by virtue of said purported will.

After the time had elapsed within which plaintiff herein might have appealed from the order allow-

ing the will to probate and appointing Ella executrix, he petitioned the circuit court of St. Joseph county for leave to take a delayed appeal from the order entered in the probate court. This petition was filed December 4, 1936. It was denied by order of the circuit judge February 1, 1937. No appeal was taken from this order; but instead plaintiff filed the bill of complaint herein March 8, 1937.

The record before us discloses the following:

1. Mrs. Burmeister's estate consisted primarily of real property. Appellant's sworn petition to have the estate probated states on information and belief that the real estate was of the value of $5,900 or thereabout and the personal property of the value of $250 or thereabout. The inventory of the estate placed the value of the real estate at $2,800 and the personal property at $399.05.

2. Prior to the commencement of this suit it had been finally adjudicated that Mrs. Burmeister left a valid will and the same had been received for probate.

3. By her will Mrs. Burmeister had disposed of all of her property in the manner hereinbefore indicated.

4. Eula Burmeister was defaulted for nonappearance in the present suit in equity and hence is not here seeking relief.

5. Prior to Mrs. Burmeister's death there was some talk between her and her daughter as to the disposition of the property Mrs. Burmeister left; but such conversation was obviously wholly inadequate to constitute a valid testamentary disposition of the property of deceased.

6. The circuit judge found: "There is no proof that she (testatrix) ever told said daughter to destroy the will. Neither was she invested with authority so to do."

7. Further, shortly after the death of Mrs. Burmeister, the daughter, Ella, the granddaughter, and grandson had a conversation to the effect it was agreeable with each of them that the property should be presently occupied and managed by Ella and that ultimately the net estate should be divided equally between the three; but such conversation or understanding was not reduced to writing.

Clearly the parol arrangement did not constitute a binding agreement as to the disposition of this estate which consisted almost wholly of real property. And further, at the time of this conversation, each of the parties concerned acquiesced in the proposed arrangement under a mistake of fact in that each seemingly assumed Mrs. Burmeister had died intestate. The conversation between the three, even though accepted as being an agreement, was not of such a character as could vest title to the property which constituted Mrs. Burmeister's estate.

It is the theory of the bill of complaint that in consequence of the arrangement made between the three parties immediately following Mrs. Burmeister's death, Ella took and held that property in trust. Plaintiff alleges:

"That defendant Ella has held said property, both real and personal, in trust for the plaintiff and said defendant Eula, and still holds the same in trust for them, said probate proceedings to the contrary notwithstanding, and that plaintiff and said defendant Eula and said defendant Ella are the owners thereof share and share alike, to-wit, one-third thereof to each, subject to the just and proper debts of said deceased."

The trial judge decreed that each of the three parties concerned had a one-third interest in Mrs. Burmeister's estate. He reached this conclusion

on the theory of a constructive trust, as claimed by plaintiff.

We are unable to agree with the trial judge, and instead we are of the opinion that this record is wholly inadequate to sustain the theory or claim that Ella Burmeister has at any time held this property in trust for either of the other two parties concerned, except in her trust capacity as executrix of the estate of Minnie Burmeister, deceased.

There is no testimony tending to sustain the insinuations or allegations of the bill of complaint that Ella has acted fraudulently or that she suppressed for wrongful purposes the will that her mother left. While plaintiff alleges that he has sustained injury by reason of Ella's having assumed to carry out the claimed agreement between the three parties and by her having claimed more recently the right to take under the will, we fail to find in the record any showing that he has sustained a material injury. Under such circumstances and in the absence of fraud, plaintiff cannot successfully assert that Ella is estopped from denying that he and Eula Burmeister are each entitled to a one-third interest in the Burmeister estate.

"Constructive trusts have been said to arise through the application of the doctrine of equitable estoppel, or under the broad doctrine that equity regards and treats as done what in good conscience ought to be done. * * * They are raised by law for the purpose of carrying out the presumed intention of the parties, or, without regard to such intention, for the purpose of asserting equitable rights of parties or frustrating fraud." *Weir* v. *Union Trust Co.*, 188 Mich. 452, 463.

In the absence of fraud or of any fact which will sustain a claimed equitable estoppel, there is no

justification either in law or in equity for depriving Ella of the interest in her mother's estate which passed to her by a valid will which as between these same parties has been adjudicated to be lawfully entitled to probate.

The decree entered in the circuit court is reversed and one will be entered here dismissing plaintiff's bill of complaint. Appellants will have costs of both courts.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred.